Filed 7/22/21  P. v. Rosales CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B309118 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA075199) |
| v. | |
| JOSHUA MANUEL ROSALES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Thomas T. Ono, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, a jury found defendant Joshua Manuel Rosales guilty of second degree murder (Pen. Code, § 187, subd. (a))[1] and found true the allegations that a principal was armed and personally and intentionally used a firearm (§§ 12022, subd. (a)(1), 12022.53, subds. (b), (c), & (e)), and that the offense was committed for the benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). The verdicts followed a trial at which "[t]he prosecution proceeded against [defendant] solely under an aiding and abetting theory, arguing that [codefendant Arturo] Gutierrez was the shooter." (*People v. Rosales* (Apr. 14, 2011, B220097) [nonpub. opn.][2].) The trial court sentenced defendant to 40 years to life in state prison.

On April 14, 2011, a prior panel of this Division affirmed defendant's conviction in an unpublished opinion, concluding, among other things, that sufficient evidence supported defendant's conviction for murder because there was "strong evidence as to each of the three elements of aiding and abetting liability." (*People v. Rosales, supra*, B220097.)

On May 7, 2019, defendant filed a petition to vacate his murder conviction and for resentencing pursuant to section 1170.95. On June 28, 2019, the trial court ordered the District Attorney to file a response and appointed the Alternate Public Defender to represent defendant.

On August 28, 2019, the District Attorney filed a response arguing that defendant was convicted as a direct aider and

---

[1]     All further statutory references are to the Penal Code.

[2]     We take judicial notice of the record in the direct appeal from the judgment of conviction.

abettor to the murder, could still be convicted of murder based on the record of conviction despite the change in the law, and therefore was ineligible for relief under section 1170.95.

On September 5, 2019, defendant, through counsel, filed his reply. On September 28, 2019, defendant filed his own reply, in which he purported to appear in propria persona.

On November 13, 2020, the trial court conducted a hearing on defendant's petition and, following argument, denied it, stating: "I have reviewed the papers in this case. I remember this case distinctly. As I recall, [defendant] blocked the way so that the person could shoot and kill that other person. Based upon the evidence in its totality, on the record in this case, the motion under . . . section 1170.95 is respectfully denied."

On November 13, 2020, defendant filed his notice of appeal.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that we independently review the entire record to determine if there are any arguable issues. On April 12, 2021, we notified defendant that appointed appellate counsel had failed to find any arguable issues and that he had 30 days within which to independently brief any grounds for appeal, contentions, or arguments he wanted us to consider. Defendant filed a supplemental brief, in which he contended that he was entitled to relief because "Senate Bill [No.] 1437 eliminates second degree felony murder" (original capitalized) and the evidence at trial demonstrated he was not a major participant. Defendant additionally challenges the prior panel's conclusion that the evidence at trial was sufficient to demonstrate that defendant acted with an intent to kill.

3

We have reviewed the record and are satisfied that defendant's appointed appellate counsel has fully complied with his responsibilities and no arguable issues exist.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, 1040, review granted Oct. 14, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; *People v. Wende, supra*, 25 Cal.3d at p. 441.)  Defendant's attempt to challenge the sufficiency of the evidence to support his conviction as an aider and abettor was resolved against him in his initial appeal.

As the record reflects, the jury was not instructed on a natural and probable consequences theory or felony murder-theory of liability, and defendant's arguments regarding the changes enacted by Senate Bill No. 1437 therefore are inapposite.  Defendant cannot demonstrate eligibility for relief under section 1170.95 as a matter of law.  (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted July 22, 2020, S262835.)

**DISPOSITION**

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


                              KIM, J.


We concur:



    RUBIN, P. J.



    MOOR, J.